UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **VENTURE PARTNERS LLC,** | ) |
| | ) |
|         **PLAINTIFF** | ) |
| | ) |
| v. | )      **CIVIL NO.07-213-P-H** |
| | ) |
| **RIVER RIM LLC, ET AL.,** | ) |
| | ) |
|         **DEFENDANTS** | ) |

**ORDER ON PLAINTIFF'S MOTIONS FOR
ENTRY OF DEFAULT JUDGMENT**

The motions for default judgment are **GRANTED IN PART** as follows:

1. The plaintiff now has supported and documented its request for attorney fees and costs and they are **GRANTED** accordingly in the amount of $8,250.

2. The plaintiff has shown that it gave appropriate notice to the defendants' lawyer that it made a request for default judgment and was meeting with the Court. See Affidavit of Jonathan L. Goldberg (pertaining to notices to defendants) (Jan. 29, 2008) (Docket Item 13-4), attached to Amended Request for Default and Default Judgment and Memorandum of Law (Docket Item 13); see also Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349 (1st Cir. 1996).

3. I conclude that the corporate parties in this commercial transaction were free to contract on what the interest rate should be for a short-term (30 days, from October 19 to November 19, 2007) but large

($500,000) Note, and that the guarantors were free to guarantee its payment. Although the interest rate seems extraordinarily high (17% per month) to a lay judge, I find no Maine statutory or common law impediment. The parties also agreed explicitly in the Note on a default interest rate of 17% per month, which I find enforceable for the same reasons.[1] On November 19, 2007, the defendants requested an extension of the Note for an additional 60 days, until January 18, 2008, at the same interest rate of 17% per month. See Affidavit of Reginald Brack (Jan. 31, 2008) (Docket Item 13-14).

    4.    I also observe that Maine law controls pre-judgment interest and federal law controls post-judgment interest. See Saint-Gobain Industrial Ceramics, Inc. v. Wellons, Inc., 246 F.3d 64, 69 n.1 (1st Cir. 2001) ("In a diversity action . . . state law must be applied in determining whether and how much pre-judgment interest should be awarded.") (internal quotation marks omitted); Fratus v. Republic Western Ins. Co., 147 F.3d 25, 29–32 (1st Cir. 1998) (applying federal law to post-judgment interest and state law to pre-judgment interest); 17A Daniel R. Coquillette et al. eds., Moore's Federal Practice § 124.08[4] (2006). Under Maine pre-judgment interest law, the rate set in the Note controls, 14 M.R.S.A. § 1602-B(2), here 17% per month. Under federal post-judgment interest law, the rate is set at "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of

---

[1] The Note also appears to allow for a "Late Charge" of 5% beginning on December 18, 2007. However, the plaintiff did not request enforcement of this provision as part of the default judgment in either its Request for Default and Default Judgment, Table at 2 (Docket Item 8), or its Amended Request for Default and Default Judgment and Memorandum of Law, Table at 2 (Docket Item 13).

the Federal Reserve System, for the calendar week preceding the date of the judgment," 28 U.S.C. § 1961, a considerably lower rate, now 2.23% per annum.

5.    I also conclude that a plaintiff should not be able to manipulate the recovery by delaying judgment, thereby increasing the available rate.  I am not suggesting that this plaintiff has done so here; instead, it appears to have moved swiftly.  The plaintiff initially requested default judgment as of January 8, 2008, see Request for Default and Default Judgment (Docket Item 8), but did not receive it then because of my additional questions.  Had I entered default judgment on January 8, the lower statutory post-judgment rate would have superseded the contract rate going forward.[2]  It is legitimate to extend the higher contract rate until January 18, 2008, in light of the defendants' request for an extension at that same rate, but not thereafter.  Accordingly, I **GRANT** interest at the 17% per month rate until January 18, 2008, and at the statutory post-judgment rate thereafter.  The plaintiff's lawyer shall furnish calculations and an amended proposed default judgment accordingly.

---

[2] The caselaw holds that the parties can agree to have the contract rate supplant the post-judgment rate.  See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101–02 (2d Cir. 2004); Central States, Southeast and Southwest Areas Pension Fund v. Bomar Nat'l, Inc., 253 F.3d 1011, 1020 (7th Cir. 2001); Hymel v. UNC, Inc., 994 F.2d 260, 265–66 (5th Cir. 1993).  The latest of these decisions, a well-reasoned case from the Second Circuit, holds that such an agreement must expressly show an intent to deviate from the federal post-judgment interest rate in § 1961.  See Westinghouse Credit Corp., 371 F.3d at 102.  Here, no such statement exists in the Note.

**SO ORDERED.**

**DATED THIS 7TH DAY OF FEBRUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4